CLINTON E. PRESCOTT *vs.* INHABITANTS OF WINTHROP.

Kennebec.    Opinion March 1, 1906.

*Action Referred to Presiding Justice.    Right of Exception Limited to Questions of Law,*
*Findings of Fact not Subject to Exception.    Questions of Law Defined.*
*R. S., c. 79, § 55.*

1. The right of exception to the rulings and decisions of the presiding Justice in any civil or criminal proceeding under R. S., ch. 79, sec. 55. is only to his rulings and decisions upon questions of law. His rulings and decisions upon questions of fact are not subject to exceptions.

2. When an action of law is referred to the court at nisi prius for decision without a jury, the question whether there is any evidence to support the decision is one of law; but if there be any such evidence, the force and

effect of any or all the evidence is a question of fact, and the decision of the court upon that question is not subject to exception.

3. In such case, the fact that a school district built a schoolhouse upon a small lot of land and enclosed the lot with a stone wall and thereafter occupied the building and lot for school purposes openly, notoriously, exclusively and continuously for more than twenty years is some evidence that such possession was adverse. Whether other evidence conclusively showed the contrary was solely for the Justice hearing the case, and his decision thereon is not subject to exception.

On exceptions by plaintiff. Overruled.

Real action to recover part of a lot of land in the town of Winthrop, upon which a former school district had built its schoolhouse and which was afterwards taken over by the town. The case was heard by the presiding Justice without a jury, each party having reserved the right of exception. The presiding Justice found for the defendant and the plaintiff excepted. There was no stenographer at the hearing so that a full transcript of the evidence could not be had. But in order to preserve the rights of the parties, the presiding Justice made a formal finding of facts which is as follows:

"This case involves a writ of entry to obtain possession of a schoolhouse and lot in district 8 in the town of Winthrop. The plaintiff claims to own 2-11 of the locus by virtue of a quitclaim deed from two of the heirs of Benjamin Stockin, the original owner of the lot who died in January, 1874, said deed being dated Sept. 16, 1904.

The defendants produced no record evidence of title, but claim a prescriptive title. The plaintiff denies the acquisition of a prescriptive title on the part of the defendants, and relies upon the following statement of facts.

One of the defendants' witnesses, John E. Lowell, testified that he heard his father and two other men who he understands were a committee on the part of the school district to purchase the schoolhouse and lot in question, have a conversation in which they said they had purchased the lot of Mr. Stockin, under whom the plaintiff claims title, and had agreed to pay him $15 for it. This conversation was made at some time prior to 1859, at which time it is conceded that the schoolhouse had been erected and the stone wall built around the lot.

No other evidence whatever was given as to the consummation of this transaction, although the same witness says that it was generally understood that no deed was ever given. The school district occupied the schoolhouse and lot, without the slightest question or interference on the part of the prior owner, Mr. Stockin, or anyone claiming under him, until 1886 when, under the act of the legislature, the school district system was abolished and the town took the legal title and possession of the school property.

At this time the town legally took the title and possession of this school property and occupied without interruption or question until 1897 when, on account of the decrease of the average number in attendance below the legal standard, the school was discontinued, but in no sense abandoned.

On December 8, 1859, Benjamin Stockin conveyed to Albert C. Frost the farm from which this schoolhouse lot was carved, and in his deed made the schoolhouse lot a boundary in these words: "running northerly on the west line of said road to the southerly corner of the schoolhouse Lot Dist No. 8 of Winthrop, thence on the north line of said lot westerly about four rods, thence northerly on the line of said lot about five rods to J. K. Lowell's south line, etc.;" and all of the conveyances of the Stockin farm since that time have contained the same description, the last one being May 23, 1902, to the plaintiff.

The testimony of John E. Lowell, above referred to, was admitted under objection of the defendant's counsel, and exceptions were seasonably taken thereto and allowed."

*Oakes, Pulsifer & Ludden,* for plaintiff.

*Cornish & Bassett,* for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, JJ.

EMERY, J. This was a real action to recover part of a lot of land upon which a former school district (No. 8) in the defendant town had built its schoolhouse and which was afterward taken over by the town. The case was heard by the court without a jury, each party having reserved the right of exceptions. At the hearing, the

case narrowed down to the issue whether the occupation of the lot by the school district was under a claim of title adverse to the record owner. The court found for the defendant and the plaintiff excepted.

Upon the exceptions the only question of law is whether there was any evidence that the school district's occupation was adverse. If there was, the decision of the court must stand even if there was a large preponderance of evidence the other way.

There was evidence that the school district No. 8 in 1859 erected a schoolhouse upon and built a stone wall around the lot and occupied the schoolhouse and lot without any question or interference on the part of the record owner from that time down to 1886 when it was taken over by the town which has since held possession of it. There was also evidence that the record owner in afterward conveying adjoining land bounded it in part on "the School House Lot Dist. No. 8." All this was certainly some evidence that the School District was occupying the lot under a claim of title adverse to any one else, and that the record owner recognized its claim of title.

The plaintiff introduced evidence which he claims shows that the occupation was in fact by permission and not adverse to the record owner. We are not required, however, to consider the force and effect of this evidence since that question was solely for the justice hearing the case, and his decision thereon is not subject to exception. The right of exception is limited to rulings upon questions of law. *Kneeland* v. *Webb*, 68 Maine, 540. As stated above, the only question of law in this case was whether there was any evidence in support of the finding, We think there was.

*Exceptions overruled.*